HENRY CODMAN *et ux. versus* DWIGHT F. TINKHAM.'

The *St.* 1783, *c.* 41, § 2, which provides, that, where on a petition for partition of lands, " any messuage, tract of land, or other real estate shall be of greater value than either party's purpart or share in the estate to be divided, and cannot at the same time be subdivided, and part thereof assigned to one and part to another, without great inconvenience, the same may be settled or assigned to one of the parties, such party to whom this same shall be so assigned, paying such sum or sums of money to such party or parties, as by means thereof have less than their share of the real estate, as the committee appointed to make partition shall award," is not applicable where there is but one parcel of land which is held jointly.

THIS was a petition to the Court of Common Pleas, for partition.  The petition represents, that Codman and his wife are tenants in fee, in her right, of eight undivided ninth parts of a lot of land in Boston, with the buildings thereon, and that Dwight F. Tinkham, a minor, is tenant in fee of the other undivided ninth part ; and that the petitioners are desirous of holding their interest in the land in severalty, but are of opinion, that it cannot be divided without greatly injuring its value.  Wherefore they pray, that, unless it shal appear, that such partition can be made without such injury, the whole of the land may be assigned to them or to Tink ham, as shall be most for the benefit of all concerned, the party to whom the land may be assigned paying to the other party such sum of money as the interest of such other party may be found to be worth.  The respondent protesting, that the petitioners had no righ oy law to have the whole of the premises set off to either party, declared that he had no

cause to show why partition of the premises should not be made.   Whereupon judgment was rendered, that partition be made, and three commissioners were appointed with power to make partition.   The commissioners reported, that they were satisfied, that a division of the land could not be made without greatly diminishing the value of the whole ;  that, having ascertained that the respondent was not of any known or sufficient ability to pay the value of the petitioner's interest, if the whole of the land should be set off to him, they had determined to set off to the petitioners the whole of the land in severalty, valuing it at $7580, and to allow to the respondent $842·22, being one ninth of the estimated value of the lot, to be paid to him by the petitioners    The court ordered, that the report of the commissioners be rejected, and that the petitioners take nothing by their petition, it being considered that the disposition made of the land by the commissioners was not authorized by law.   The petitioners thereupon appealed to this Court.

The case was argued in writing, by *Parsons* for the petitioners, and *English* for the respondent.   On the part of the petitioners were cited *Thayer* v. *Thayer*, 7 Pick. 209, and *Arms* v. *Lyman*, 5 Pick. 210.

WILDE J. delivered the opinion of the Court.   No objection has been made to the doings of the committee appointed to make partition, provided the Court should be of opinion, that the whole of the premises might be legally assigned to either party ;  and this question as to the legality of the proceedings of the committee, in this respect, is submitted ; and it depends on the construction to be given to a clause in the second section of the statute of 1783, c. 41, which provides, " that when any messuage, tract of land, or other real estate, shall be of greater value than either party's purpart, or share, in the estate to be divided, and cannot at the same time be subdivided, and part thereof assigned to one and part to another, without great inconvenience, the same may be settled or assigned to one of the parties, such party to whom the same shall be so assigned, paying such sum or sums of money to such party or parties, as by means thereof have

31 *

less than their share of the real estate, as the committee ap pointed to make partition shall award."

It has been argued for the petitioners, that this provision in the statute should be construed to extend to any and every messuage or tract of land, held in common, without restriction or limitation, and that such a construction is most consistent with the letter and spirit of the statute ; and on the part of the respondent, it is contended, that the statute does not in any case authorize the whole estate held in common, to be assigned to one of the tenants, but is to be limited and confined to cases in which the property held in common and to be divided, consists of several distinct parcels or messuages, and that in such cases only can the whole of a messuage be assigned to one of the parties. And this latter construction, we think, is most conformable to the language of the statute. The words, " when any messuage, tract of land, or real estate shall be of greater value than either party's purpart," seem to imply that the whole estate to be divided is not to be assigned to either party, but that one of several messuages, of greater value than either party's purpart, might be so assigned ; and the same implication is to be made fro : the concluding words of the clause, " the party to whom the same shall be so assigned, paying such sum or sums of money to such party or parties as by means thereof have *less* than their share of the real estate, as the committee shall award." Now it is true, that the whole of the real estate is necessarily greater than a part, but the words " greater " and " less " are terms of comparison ; and when it is said that one party has assigned to him more than his share, or that the estate assigned to him is of greater value than his share, and that the other party has less than his share, we must understand, that each party has a share or part assigned to him, on which these terms of comparison are predicated ; and not that the whole estate is assigned to one of the parties. If the statute had been intended to apply to a case like the present, it cannot be doubted, that different language would have been used to express its meaning.

If, however, there were any doubt from the language of the statute, as to its true meaning and construction, it would

be removed by reference to the provincial statute of 33 *Geo.* 2, *c.* 2, which is substantially the same as the statute of 1783, the latter being, with a few trifling omissions, a copy from the former. The preamble to the second section of the provincial statute, which is quoted in the argument, fully and clearly expresses the object and intention of the enacting clause. The words are, " And whereas it sometimes happens, that the estate to be divided consists of such distinct tenements, and under such peculiar circumstances as that an exact partition thereof cannot be made to each of the parties, according to his share in the whole estate, without making such fractional division of a messuage, tract of land, or other tenement, as would be extremely prejudicial to the interested therein, for the prevention whereof, Be it further enacted," &c. Now had the statute of 1783 contained such a preamble, there could be no doubt of the meaning of the enacting clause ; and from the omission of it, we do not think that any inference can be made, that it was the intention of the legislature to extend and enlarge the provisions of the former law. If there had been any such intention, the language of the enacting clause of the former statute would not have been adopted with so little change of phraseology, but the enlarged sense would have been clearly expressed. The preamble is no part of the statute, and the practice of inserting preambles to point out the cause, and occasion, and meaning of statutes, has gradually fallen into disuse ; so that no inference favorable to the construction contended for by the counsel for the petitioners, can be made from the omission of the preamble in the statute of 1783.

It has been argued, that this case comes within the spirit if not within the letter of the statute ; but we think not. The literal construction of a statute may be enlarged or limited by the obvious meaning ; but the meaning must be very clear to authorize the Court to depart from the letter of a statute ; and where it is limited to cases attended by particular circumstances, those circumstances cannot be rejected in construing the act. If, for instance, this statute had been limited to houses and tenements, it could not be extended to ands on which there were no houses or tenements.

Codman
*v.*
Tinkham.

Upon the whole, therefore, the Court is of opinion, that the statute of 1783 is not applicable to the present case, and that the judgment of the Court of Common Pleas be affirmed. [See Revised Statutes, *c.* 103, § 25.]